IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. CHARLES SHULRUFF, D.D.S., ) <br> on behalf of plaintiff and ) <br> the class members defined herein, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MDx MEDICAL, INC. d/b/a VITALS, ) <br> and JOHN DOES 1-10, ) <br> ) <br> Defendant. ) | 1:16-cv-01989 <br><br> Judge Matthew F. Kennelly |

**ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT**

On **April 10, 2017**, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between MDx Medical, Inc., doing business as Vitals ("Defendant") and Plaintiff, Dr. Charles Shulruff, D.D.S. ("Plaintiff"), individually and as representative of the settlement class of persons defined below (the "Settlement Class"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On **October 23, 2017**, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class, including those with any objections, had been given appropriate notice and were invited to appear. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement

Class, and the claims asserted in the above-captioned action.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement. Attached hereto as *Exhibit A* is a list of all opt-outs.

### Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities within the United States to whom MDx Medical sent Facsimile Advertisements promoting its goods or services at any time from February 8, 2012 through February 28, 2017.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Plaintiff's counsel is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Plaintiff is designated as representative of the Settlement Class for purposes of the settlement.

7. Edelman, Combs, Latturner & Goodwin, LLC is appointed as Class Counsel for

purposes of the settlement.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and supplemental mailing to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com. The Class Notice and Settlement Agreement (without exhibits) were also posted on the Settlement Administrator's website at www.class-settlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of **9** valid and timely claim forms were submitted.

### Objections and Opt-Outs

10. No objections were filed by Class Members.

11. A total of **9** entities have validly requested exclusion from the Settlement Class. The opt-outs were provided to this Court by the Settlement Administrator and are set forth in [*Dkt. No. 62*].

12. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

13. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $220,000.00 as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards Plaintiff $5,000.00. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

**Other Provisions**

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Settlement Administrator shall begin to distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties'

-5-

Settlement Agreement, within seven days (7) days of the Final Settlement Date as that term is defined in the Settlement Agreement.

19. Class Counsel and/or the Settlement Administrator shall file an affidavit of final accounting of the settlement by **March 6, 2018**.

20. This matter is set for status on the final accounting of the settlement on **March 13, 2018 at 9:30 a.m.**

ENTER:

Dated: October 24, 2016

                                                   Honorable Matthew F. Kennelly
                                                   United States District Judge